1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

DE'ANDRE IVISON WESTON,

12

Plaintiff,

13

v.

14

DR. JOANNA,

15

Defendant.

16

17

Case No. 1:24-cv-00638-HBK (PC)

ORDER TO RANDOMLY ASSIGN A
DISTRICT JUDGE

FINDINGS AND RECOMMENDATION TO
DISMISS ACTION FOR FAILURE TO
OBEY COURT ORDER AND PROSECUTE[1]

14-DAY DEADLINE

18

Plaintiff De'Andre Ivison Weston is an inmate proceeding pro se in this civil rights action.

19

For the reasons set forth below, the undersigned recommends the District Court dismiss this

20

action without prejudice for Plaintiff's failure to comply with court orders and prosecute this

21

action.

22

**BACKGROUND**

23

On May 30, 2024, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983.  (Doc. No. 1).

24

Plaintiff neither paid the filing fee nor filed an application to proceed *in forma pauperis* ("IFP").

25

(*See* docket).  Accordingly, on June 3, 2024, the Court issued an Order directing Plaintiff within

26

thirty (30) days to either pay the $405.00 filing fee or submit an enclosed IFP application.  (Doc.

27

28

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
(E.D. Cal. 2023).

No. 3).  The Court specifically advised Plaintiff that if he failed to timely respond to the Order or seek an extension the undersigned would recommend the Court dismiss this case for his failure to comply with a court order and/or prosecute this action." (*Id*. at 1).  To date, Plaintiff has not filed any response to the Court's June 3, 2024 Order, nor has he filed an IFP application or paid the filing fee, and the time to do so has expired.  (*See* docket).

### APPLICABLE LAW

**A.  Plaintiff's is Required to Pay the Filing Fee**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however.  If granted leave to proceed IFP, a prisoner nevertheless remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is dismissed for other reasons.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court advised Plaintiff that for this case to proceed further, he must pay the $405.00 filing fee or submit an IFP application within 30 days of receiving the June 3, 2024 Order.  (*See* Doc. No. 3).  Because Plaintiff has failed to either pay the filing fee of $405.00 or submit an updated IFP application, the undersigned recommends Plaintiff's case be dismissed without prejudice.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) (finding that a district court "will be free to dismiss the complaint" if the filing fee is not paid or application to proceed *in forma pauperis* is not granted); *see also In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of pro se litigant's claim for failure to pay required filing fees).

**B.  Failure to Prosecute**

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court

1   order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889

2   (9th Cir. 2019) (citations omitted).  Similarly, the Local Rules, corresponding with Federal Rule

3   of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of

4   the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the

5   inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power to control

6   their dockets" and, in exercising that power, may impose sanctions, including dismissal of an

7   action.  *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A

8   court may dismiss an action based on a party's failure to prosecute an action, obey a court order,

9   or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

10  (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal*

11  *Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order);

12  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and

13  to comply with local rules).

14       In determining whether to dismiss an action, the Court must consider several factors:

15  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

16  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

17  cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at

18  1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

19       The undersigned considers each of the above-stated factors and concludes dismissal is

20  warranted in this case.  The Court's June 3, 2024 Order directed Plaintiff to either pay the filing

21  fee or submit an IFP application within 30 days if he wishes to continue to prosecute this action.

22  (Doc. No. 3).  Again, Plaintiff has failed to do either.  (*See* docket).

23       As to the first factor, the expeditious resolution of litigation is deemed to be in the public

24  interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir.

25  1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be

26  overstated.  This Court has "one of the heaviest caseloads in the nation," and due to the delay in

27  filling judicial vacancies, which was exacerbated by the COVID-19 pandemic, operates under a

28  declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial

1   Emergency in the Eastern District of California.  The Court's time is better spent on its other

2   matters than needlessly consumed managing a case with a recalcitrant litigant.  Because the Court

3   cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds

4   that both the first and second factors weigh in favor of dismissal.

5      Delays inevitably have the inherent risk that evidence will become stale or witnesses'

6   memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

7   factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor, risk of prejudice

8   to defendant, also weighs in favor of dismissal since a presumption of injury arises from the

9   occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air W.*, 542 F.2d 522,

10  524 (9th Cir. 1976).  Plaintiff's inaction amounts to an unreasonable delay in prosecuting this

11  action, weighing in favor of dismissal for a risk of prejudice to defendants.

12     Finally, the fourth factor usually weighs against dismissal because public policy favors

13  disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However,

14  "this factor lends little support to a party whose responsibility it is to move a case toward

15  disposition on the merits but whose conduct impedes progress in that direction," which is the case

16  here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th

17  Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures

18  by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at

19  644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of

20  habeas petition where petitioner failed to timely respond to court order and noting "the weight of

21  the docket-managing factor depends upon the size and load of the docket, and those in the best

22  position to know what that is are our beleaguered trial judges.").

23     Finally, the Court's warning to a party that failure to obey the court's order will result in

24  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

25  *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's June 3, 2024 Order

26  directing Plaintiff to submit an IFP application or pay the filing fee expressly warned Plaintiff that

27  his failure to timely comply would result in a recommendation of dismissal of this action for his

28  failure to prosecute this action.  (*See* Doc. No. 3 at 1).  Thus, Plaintiff had adequate warning that

1    dismissal could result from his noncompliance.  And the instant dismissal is a dismissal *without*

2    prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth

3    factor.

4         After considering the factors set forth *supra* and binding case law, in the alternative, the

5    undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule

6    110.

7         Accordingly, it is hereby **ORDERED**:

8         The Clerk of Court randomly assign this case to a District Judge for consideration of these

9    Findings and Recommendations.

10        It is further **RECOMMENDED**:

11        This action be DISMISSED without prejudice.

12                    **NOTICE**

13        These Findings and Recommendations will be submitted to the United States District

14    Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days**

15    **of the date of service** of these Findings and Recommendations, Plaintiff may file written

16    objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

17    Findings and Recommendations." Plaintiff's failure to file objections within the specified time

18    may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

19    2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

20

21    Dated:   __July 20, 2024__

22                             HELENA M. BARCH-KUCHTA

23                             UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28