UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'ANDRE IVISON WESTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. JOANNA,<br><br>　　　　　Defendant. | 1:24-cv-00638-KES-HBK (PC)<br><br>ORDER TO SHOW CAUSE<br><br>SEPTEMBER 23, 2024 DEADLINE |

　　　　Plaintiff De'Andre Ivison Weston initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 on May 30, 2024, while detained at the Lerdo Pre-Trial Facility. (Doc. No. 1). On August 5, 2024, the Court deferred ruling on Plaintiff's application to proceed *in forma pauperis* because his application was incomplete. (Doc. No. 8). The Court then directed Plaintiff to do one of the following within 21 days from receipt of the Order: (1) pay the $405.00 case filing fee; or (2) file a <u>complete</u> application to proceed *in forma pauperis* ("IFP"), by having an authorized correctional official complete the "Certificate" section of the application, or by filing a copy of his prison trust account statement reflecting the 6 months of transactions reflecting the filing of the Complaint. (*Id*.). As of the date of this order, Plaintiff has neither paid the filing fee nor filed a complete IFP application. (*See* docket.) Without this information the Court cannot determine whether Plaintiff can proceed IFP and/or whether is required to pay an initial filing fee as requested by 28 U.S.C. § 1915 (b)(1).

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

It is Plaintiff's responsibility to obtain the required prison trust account information from correctional officials or to request that correctional officials to complete the certification in his IFP application.

Accordingly, it is hereby **ORDERED**:

1. **On or before September 23, 2024,** Plaintiff shall comply with the Court's August 5, 2024 Order, or show cause why the Court should not recommend this case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or his failure to timely comply with the Court's August 5, 2024 Order.

2. Plaintiff's failure to timely respond to this Order or seek an extension of time to respond will result in the undersigned recommending the case be dismissed without prejudice under Federal Rule of Civil Procedure 41 and Local Rule 110.

Dated: September 3, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2