UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'ANDRE IVISON WESTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. JOANNA,<br><br>　　　　Defendant. | Case No.  1:24-cv-00638-KES-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL OF CERTAIN CLAIMS<br><br>(Doc. No. 15) |

　　　　Plaintiff De'Andre Ivison Weston, a pretrial detainee, is proceeding pro se and *in forma pauperis* on his Complaint filed under 42 U.S.C. § 1983.  (Doc. No. 1).  On November 7, 2024, the Court issued a screening order on Plaintiff's Complaint.  (Doc. No. 14).  As discussed at length in the Court's November 7, 2024 Screening Order, the Complaint states a cognizable Fourteenth Amendment deliberate medical indifference claim against Defendant Dr. Joanna for failure to refer Plaintiff to an outside dental specialist but fails to state a claim on any other basis.  (Doc. No. 14 at 7-8).  The Screening Order afforded Plaintiff the opportunity to (1) file an amended complaint; (2) file a notice under Rule 41 and Rule 15(a) that he is willing to proceed only on the claims the court found cognizable in its screening order; or (3) stand on his Complaint subject to the undersigned issuing Findings and Recommendations to dismiss the defendants and claims not cognizable.  (*Id*. at 9).  On November 21, 2024, Plaintiff filed a pleading that was signed and dated on November 14, 2024, stating he "intend[s] to proceed on [his] 14th

1  Amendment deliberate indifference claim against Defendant Dr. Joanna based on her delay in
2  referring [him] to outside care, thereby voluntarily dismissing any other claims not cognizable."
3  (Doc. No. 15).

4      Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a
5  notice of dismissal before the opposing party answers the complaint or moves for summary
6  judgment.  Fed. R. Civ. P. 41 (a)(1)(A)(i).  Here, no party has answered or moved for summary
7  judgment.  (*See* docket).  Further, the Ninth Circuit recognizes a party has an absolute right prior
8  to an answer or motion for summary judgment to dismiss fewer than all named defendants or
9  claims without a court order.  *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993).
10 Alternatively, the Court construes Plaintiff's notice to dismiss any other claims against Defendant
11 Dr. Joanna as a motion to amend the Complaint under Federal Rule of Civil Procedure 15(a).
12 *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a)
13 "is appropriate mechanism" when party is eliminating an issue or one or more claims but not
14 completely dismissing a defendant).  In accordance with Plaintiff's notice, his other claims
15 against Dr. Joanna are dismissed without prejudice by operation of law.  Plaintiff's Complaint
16 will proceed on his Fourteenth Amendment deliberate indifference claim against Defendant Dr.
17 Joanna.  (*See* Doc. Nos. 1, 14).  The Court will direct service of process on Defendant Dr. Joanna
18 by separate order.

19      Accordingly, it is **ORDERED**:

20      Plaintiff's Complaint proceeds only on his Fourteenth Amendment deliberate medical
21 indifference claim against Defendant Dr. Joanna based on her delay in referring Plaintiff for
22 outside medical care and no other claim.

23  Dated:    December 2, 2024
24                                HELENA M. BARCH-KUCHTA
                               UNITED STATES MAGISTRATE JUDGE