UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'ANDRE IVISON WESTON,<br><br>          Plaintiff,<br><br>     v.<br><br>DR. JOANNA,<br><br>          Defendant. | Case No. 1:24-cv-00638-KES-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 24)<br><br>ORDER DIRECTNG DEFENDANT TO SERVE COPY OF MOTION TO DISMISS BY MAIL<br><br>TWENTY-ONE DAY DEADLINE |

Pending before the Court is Plaintiff's Motion for Extension of Time filed August 6, 2025. (Doc. No. 24). Plaintiff is pretrial detainee proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 26, 2025, Defendant Joana Motiu, DDS, filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), asserting that Plaintiff named an incorrect defendant and effectuated insufficient service of process. (Doc. No. 22, "Motion"). On June 25, 2025, the Court directed Plaintiff to file either a First Amended Complaint or a response to the Motion to Dismiss. (Doc. No. 23). Plaintiff states that he only learned of the June 25, 2025 Order when he was able to check the "docket" on his tablet; and

1

thus, he requires an extension of time to comply with it. It is unclear whether Plaintiff received Defendant's Motion to Dismiss. Notably, the Certificate of Service does not indicate that service was accomplished by mailing. Instead, it states that "all participants" are registered CM/ECF users so service was "accomplished by the CM/ECF system." (Doc. No. 22 at 8).

Federal Rule of Civil Procedure 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the existing deadline. Fed. R. Civ. P. 6(b)(1)(A). Despite, Defendant's assertion, pro se litigants, including prisoners or pretrial detainees, are exempted from access to CM/ECF. Local Rule 133(b)(2). Thus, a pro se Plaintiff does not get a notice of electronic filing. Local Rule 135(a). Persons who are not registered for the CM/ECF system, e.g. prisoners and pro se parties, who cannot be electronically served, must be served by conventional methods. Local Rule 135(b). The Court finds good cause to afford Plaintiff an extension of time. The Court will afford Plaintiff twenty-one day days from receipt of Defendant's Motion to Dismiss to file an amended complaint or response.

////

////

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Motion for Extension of Time (Doc. No. 24) is GRANTED to the extent set forth herein.

2. Within five (5) days of this Order, Defendant shall reserve a copy of her Motion to Dismiss (Doc. No. 22) by conventional means on Plaintiff and file a Notice of Filing with the Court.

3. Within **twenty-one (21) days of receipt of Defendant's Motion to Dismiss**, Plaintiff shall either:

    a. File a First Amended Complaint correctly naming Defendant and providing updated USM-285 service documents; or

    b. File a written opposition to the pending Motion to Dismiss (Doc. No. 22).

4. The Clerk of the Court shall resend Plaintiff a blank civil rights complaint form for his use as appropriate, and one (1) USM-285 form, one (1) summons, a Notice of

1  Submission of Documents form, an instruction sheet, and a copy of his Complaint
2  filed on May 30, 2024, (Doc. No. 1).

Dated: August 11, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE