UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'ANDRE IVISON WESTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOANA MOTIU,<br><br>　　　　　Defendant. | Case No. 1:24-cv-00638-KES-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S CONSTURED MOTION TO AMEND COMPLAINT TO SUBSTITUTE CORRECT DEFENDANT<br><br>ORDER DIRECTING CLERK TO CORRECT CAPTION OF CASE<br><br>(Doc. No. 28) |

　　　　Plaintiff De'Andre Ivison Weston, a *pro se* prisoner, is proceeding on his civil rights complaint under 42 U.S.C. §1983 against Defendant "Dr. Joanna." (Doc. No. 1, "Complaint"). On June 26, 2025, in response to the Complaint, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), and 12(b)(5), noting that the defendant had been incorrectly named in the Complaint and that service of the Complaint had not been properly effectuated upon Defendant. (Doc. No. 22). In response, Plaintiff filed what he labeled "First Amended Complaint." ("FAC" Doc. No. 28). In the FAC, Plaintiff substitutes Defendant "Joana Motiu, D.D.S" for "Dr. Joanna" as the correct named Defendant and then seeks to incorporate the claims in his Complaint into his FAC. (Doc. No. 28 at 3) (stating "see previously submitted 5/30/2024" on the supporting facts section of his FAC). (*Id.* at 1).

The pleading is not a free-standing complaint; thus, the Court cannot construe it as a First Amended Complaint. However, because Plaintiff seeks only to substitute Defendant "Joana Motiu, D.D.S" in place of Defendant "Dr. Joanna," the Court construes the pleading a motion to amend the Complaint to substitute the correct named defendant.[1]

**A. Federal Rule of Civil Procedure**

Under Rule 15, a party "may amend its filing once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen Corp.*, 465 F.3d at 951.

Additionally, Federal Rule of Civil Procedure 15(c) permits a party to amend a pleading to change the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.

---

[1] A pleading's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, courts are instructed to "construe [the pleading], however styled, to be the type proper for the relief requested." *Id.*

*Id.* (emphasis in original).  Fed. R. Civ. P. 15(c).

Although Plaintiff 's proposed FAC identifying the Defendant by name within the pleading as contemplated in Rule 15(c) does not comply with the changed pleadings standard in Local Rule 220, Plaintiff's failure to comply with the local rule does not prejudice the Defendant. (*See* Doc. No. 28); *see also* Local Rule 220 (E.D. Ca. 2019)(stating in relevant part that "changed pleadings" shall refer to the amended and supplemental pleadings and unless prior approval to the contrary is obtained, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by the court order shall be typed and filed so that it is complete in itself without preference to the prior or superseded pleading. . . .")(emphasis added); *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) ("Failure to comply with the Local Rules does not automatically require the denial of a party's motion, . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply") (collecting cases).  Thus, Plaintiff's motion to amend his Complaint will be allowed.

Based on the foregoing, the initial Complaint will remain the operative complaint in this action and the Court will substitute Defendant "Joana Motiu, D.D.S." for "Dr. Joanna." *See*, *Altheide v. Williams*, Case No. 2:17-cv-02821JCM-BNW, 2020 WL 42462 * 1 (D. Nevada Jan. 3, 2020) (similarly treating previously filed complaint as the operative complaint but substituting named-defendants for the previously unnamed defendants).  The remaining factual averments and claims in the Complaint remain unchanged.

Additionally, the Court will direct the Clerk to correct the caption of the case to reflect the substitution of Dr. Joana Motiu, D.D.S. in Defendant Joanna's stead.

Accordingly, it is **ORDERED**:

1. The Court construes Plaintiff's First Amended Complaint (Doc. No. 28) as a motion to amend complaint to substitute correct named defendant.
2. The Court GRANTS (Doc. No. 28) the construed motion.
3. The Court substitutes "Joana Motiu, D.D.S." for "Dr. Joanna" as the named sole Defendant on Plaintiff's Complaint.

3

1  4. The Clerk shall correct the caption to reflect the name of the substitution of Defendant "Joana Motiu, D.D.S." for "Dr. Joanna" on the docket.

Dated:     September 30, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4