UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'ANDRE IVISON WESTON,<br><br>Plaintiff,<br><br>v.<br><br>JOANA MOTIU,<br><br>Defendant. | Case No. 1:24-cv-00638-KES-HBK (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING ALTERNATIVE MOTION TO QUASH SERVICE OF PROCESS<br><br>(Doc. No. 22) |

Plaintiff De'Andre Ivison Weston, a *pro se* prisoner, initiated this action by filing a civil rights complaint under 42 U.S.C. §1983. On June 26, 2025 Defendant Motiu filed a motion to dismiss under Federal Rules of Civil Procedure ("FRCP") 12(b)(4) and 12(b)(5). (*See* Doc. No. 22). Defendant sought dismissal of the complaint under FRCP 12(b)(4) because Plaintiff had incorrectly named Defendant Motiu as "Dr. Joanna," in his initial complaint, which is not Defendant's legal name. (*Id*. at 1). In the alternative, Defendant Motiu argues that the complaint should dismissed for insufficient service of process under FRCP 12(b)(5), or service of process should be quashed because the summons was delivered to the Kern County Sherriff's Office, not to Kern County Hospital Authority where Defendant is a contracted employee. (Doc. No. 22 at 6). In support, in her sworn declaration, Defendant Motiu states that while Lerdo Facility Jail is not her usual place of business, and even though she works at the Jail six days a month when

"personal service could have been accomplished" it was not. (*Id.*). Instead, it was delivered to a Jail official who is not authorized to accept service on her behalf. (*Id.*).[1]

On July 25, 2025 the Court ordered Plaintiff to respond to the motion to dismiss or file a first amended complaint naming the correct Defendant. (Doc. No. 23). Plaintiff amended his initial complaint on September 5, 2025, pursuant to FRCP 15(c), naming the correct Defendant. (Doc. No. 28). Plaintiff accompanied his amended complaint with new service forms. (Doc. No. 29). Because Plaintiff corrected the Defendant's name in his amended complaint, Defendant's motion to dismiss under FRCP 12(b)(4) is moot.

Regarding Defendant's motion under FRCP 12(b)(5), "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Fealy v. Social Sec. Admin.*, 2014 WL 6629546, at *2 (D. Nev. Jul. 25, 2014) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 (1987)). "Rule 12(b)(5) authorizes the [d]istrict [c]ourt to dismiss a complaint without prejudice or allow the plaintiff leave to cure any defects based on improper service of process." *Id.* "The choice between dismissal and quashing service of process is in the district court's discretion." *S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (quoting *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)). When "it appears that effective service can be made and there has been no prejudice to the defendant, a court will quash service rather than dismiss the action." *Vasic v. Patent Health, L.L.C.*, No. 13CV849 AJB MDD, 2013 WL 4716341, at *3 (S.D. Cal. Sept. 3, 2013) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3d Cir.1992)).

Here, Plaintiff was not personally served nor was service left at her usual place of business. (*See* Doc. No. 20). Thus, service did not comply with federal or state law. FRCP 4(e), Cal. Civil Proc. §415.20.

Prior to the Court ruling on the pending motions under FRCP 12(b)(4) and 12(b)(5), Defendant preemptively filed a motion to dismiss under FRCP 12(b)(6) for failure to state a claim. (Doc. No. 31). A motion litigating the case after the Defendant has asserted insufficient

---

[1] Service was performed and returned as executed by the U.S. Marshal's Office on March 17, 2025. (Doc. No. 20).

service does not waive service of process. *Orix Fin. Servs. v. Cline*, 369 Fed. App'x. 174, 177 (2d Cir. 2010) ("[W]e have found waiver only where the defendant litigated the merits of the case without asserting the [insufficient service] defense.") (citing *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095-6 (2d Cir. 1990)). Because Defendant has not waived service of process and because it appears that effective service can be made with no prejudice to Defendant, the Court exercises its discretion to quash rather than dismiss the action. *See Vasic v. Patent Health, L.L.C.*, No. 13CV849 AJB MDD, 2013 WL 4716341, at *3 (S.D. Cal. Sept. 3, 2013). The court will redirect service on the Defendant at the Defendant's usual place of business in a separate order, unless the Defendant elects to waive service of process. Defendant may renew her motion to dismiss pursuant to FRCP 12(b)(6) once service is effectuated or waived.

Accordingly, it is **ORDERED**:

1. Defendant's motion to dismiss (Doc. No. 22) under FRCP 12(b)(4) is MOOT.
2. Defendant's motion to dismiss or in the alternative motion to quash service under FRCP 12(b)(5) (Doc. No. 22) is GRANTED to the limited extent that the Court quashes service of process on Defendant (Doc. No. 20).
3. The Court will redirect service of process on Defendant Joana Motiu by separate order.

Dated:   October 13, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3