UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'ANDRE IVISON WESTON, | Case No.  1:24−cv−00638−KES-HBK |
| Plaintiff, | ORDER FINDING DEFENDANT'S JANUARY 19, 2026 MOTION TO DISMISS MOOTED BY DEFENDANT'S FEBRUARY 9, 2026 MOTION TO DISMISS |
| v. | |
| JOANA MOTIU, | (Doc. 38) |
| Defendant. | ORDER FINDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME MOOT |
| | (Doc. 44) |
| | ORDER DIRECTING CLERK TO PROVIDE COURTESY COPY OF DOCKET SHEET |

Plaintiff De'Andre Ivison Weston is proceeding pro se in this action on his First Amended Complaint ("FAC") filed September 5, 2025, alleging civil rights violations under 42 U.S.C. § 1983 while detained in the Lerdo Pre-Trial Facility.  On January 19, 2026, Defendant filed a motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 38, "the January motion").  After Defendant filed a notice stating she was unable to serve Plaintiff with the January motion, the Court directed Defendant to reserve the motion to Plaintiff's recently updated address of record, Wasco State Prison.  (Doc. 41 at 2).  On February 9, 2026, Defendant filed a second motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).

(Doc. 41, "the February motion"). The February motion is virtually identical to the January motion; thus, the Court finds Defendant's January motion mooted by Defendant's February motion. The February motion's Certificate of Service indicates it was served upon Plaintiff at Wasco State Prison. (Doc. 42 at 17). Further, in the Meet and Confer section of the February motion, counsel confirms he spoke with Plaintiff by telephone and advised he would be mailing the February motion to Plaintiff's then current address of record. (*Id*. at 2).

Per Local Rule, an incarcerated plaintiff has twenty-one (21) days after service to file an opposition to defendant's motion to dismiss. Local Rule 230(l). Further, a "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." Local Rule 230(c) (E.D. Cal.); *see, e.g., Robertson v. Cal. Dep't of State Hosps.-Sacramento*, 2023 WL 8190856, at *1 (E.D. Cal. Nov. 27, 2023) (noting that "a Court may dismiss an action for a plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition.").

On March 16, 2026, Plaintiff filed a second notice of change of address indicating his new address of record as: High Desert State Prison, A-1 #114, P.O. BOX 3030, Susanville, CA 96127. (Doc. 43). Additionally, on March 18, 2026, Plaintiff filed a letter providing further details stating that the "[p]hysical [a]ddress" is "475-450 Rice Canyon Rd Susanville, CA 96127." (Doc. 45).

On March 16, 2026, Plaintiff filed a motion for extension of time to file an opposition to the January motion to dismiss. (Doc. 44). Plaintiff seeks a thirty day extension of time to respond to Defendant's January motion to dismiss because he had not yet received the motion, but had received the Court's February 6, 2026, Order that made the January motion the operative motion to dismiss.[1] *Id.* However, as noted above, the January motion is mooted by the February motion. Further, because it is unclear whether Plaintiff has now received the February motion,[2]

---

[1] The Court's February 6, 2026, Order made the January motion the operative motion to dismiss prior to Defendant's filing of the February motion. As stated in the instant Order, the February motion is now the operative motion to dismiss, and the January motion is now mooted.

[2] Plaintiff previously advised that his former institution forwarded his mail. Thus, the Court presumes that, to the extent the February motion was received at Wasco Prison after Plaintiff's transfer, it will be forwarded to Plaintiff at his current place of confinement, High Desert.

the 21-day period to file an opposition may not have begun run. ("Plaintiff has twenty-one (21) days after service to file an opposition to Defendant's motion to dismiss.") (emphasis added). Therefore, Plaintiff's request for an extension of time is moot.  To emphasize, Plaintiff has 21 days to file an opposition once he receives the February motion.[3]

Accordingly, it is hereby **ORDERED**:

1. Defendant's January 19, 2026, motion to dismiss (Doc. 38) is mooted by her February 9, 2026, motion to dismiss (Doc. 42).

2. Plaintiff's motion for an extension of time (Doc. 44) is deemed moot.

3. Plaintiff has twenty-one (21) days after service of the February motion to file an opposition to Defendant's motion to dismiss.  Local Rule 230(l).  Further, a "failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."  Local Rule 230(c).

4. Within five (5) days of service of this Order, Defendant shall file a notice with the Court to advise whether the February motion was  returned as undeliverable, absent which the Court will presume it was delivered to Plaintiff while still at Wasco or forwarded to Plaintiff at High Desert.

5. The Clerk shall provide Plaintiff with a one-time courtesy copy of the docket sheet with this Order.

Dated:     March 25, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[3] Generally, the correctional institution's mail log reflects the date an inmate receives mail.

3