UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'ANDRE IVISON WESTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOANA MOTIU,<br><br>　　　　Defendant. | Case No.  1:24-cv-00638-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS[1]<br><br>(Doc. 42)<br><br>ORDER STAYING CASE PENDING ADR<br><br>August 20, 2026 Deadline |

Pending before the Court is Defendant Joana Motiu's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on February 9, 2026.  (Doc. 42).  Plaintiff filed an opposition (Doc. 47); Defendant did not file a reply and the time to do so has expired.  The Court denies the motion for the reasons set forth below.

I.　　BACKGROUND

Plaintiff De'Andre Ivison Weston is a prisoner proceeding pro se and *in forma pauperis* on his First Amended Complaint ("FAC"), docketed on September 5, 2025, alleging Eighth Amendment civil rights violations under 42 U.S.C. § 1983 while he was detained at the Lerdo Pre-Trial Facility.  The FAC incorporates the factual allegations in the initial complaint, docketed

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. 51).

May 30, 2024, and alleges an Eighth Amendment deliberate indifference claim against Defendant, the facility's dentist, based on dental treatment she both provided and failed to provide.  According to the initial complaint, Plaintiff first saw Defendant in January 2022 for a cleaning and complaints of tooth pain.  Defendant took x-rays and told Plaintiff he needed a tooth extraction but could not perform it because the tooth was too close to the nerve. [2]  Instead of referring Plaintiff to an outside dentist, Defendant placed a filling on the tooth, which solidified on Plaintiff's exposed nerve and caused excruciating pain.  Plaintiff alleges he then suffered a life-threatening abscess and severe pain for thirteen months.

During that period, Plaintiff submitted multiple sick call slips and a grievance to be seen by Defendant.  He was seen twice: first, to obtain antibiotics, Motrin, and an outside referral, and second, to obtain additional antibiotics and Motrin and to "get the previous referral actual filed because it wasn't filed the 1st time."  Plaintiff alleges he was not allowed to sign medical paperwork for months.  In March 2023, about a week after he signed the paperwork, he was seen by an outside dentist who removed the tooth and abscess.  Plaintiff further alleges he was told he would have a follow-up appointment with Defendant but did not receive it until after submitting multiple sick call slips and a grievance.

II.    STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of the claims. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  Dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Id.; see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring sufficient factual matter to state a claim that is plausible on its face).

In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and determines whether they state a right to relief above the speculative

---

[2] The initial complaint contains a typographical error in describing Defendant's inability to perform the extraction.  (*See* Doc. 1 at 3 ("The dentist took x-rays that revealed I needed a tooth extraction, but the to the nerve for her to perform the task.")).  The Court construes it to mean Defendant could not perform the extraction because the tooth was too close to the nerve, consistent with Plaintiff's clarification in his opposition and Defendant's own concession that extraction was recommended.

level. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr. v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011). The Court also follows *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), which distills the *Iqbal* and *Twombly* principles for Rule 12(b)(6) motions. Pro se complaints are held to less stringent standards than those drafted by attorneys, but they must still comply with Rules 8 and 10. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In ruling on a motion to dismiss, the Court may consider the complaint, exhibits attached to the complaint, and matters subject to judicial notice under Federal Rule of Evidence 201. *See Mir. v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). Courts generally may not consider exhibits submitted with a motion to dismiss. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (citing *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir. 1994)) (finding extraneous evidence improper for consideration in ruling on a motion to dismiss); *Neylon v. Cnty. of Inyo*, 2016 WL 6834097, at *4 n.5 (E.D. Cal. Nov. 21, 2016) (finding improper for court to consider exhibits and declarations filed in support of a motion to dismiss).

III.    LEGAL STANDARD: DELIBERATE INDIFFERENCE

Deliberate indifference to the serious medical needs of incarcerated persons constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state such a claim, a prisoner must show that officials were deliberately indifferent to his medical needs, which has both objective and subjective components. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Objectively, a "serious" medical need exists if failure to treat could result in further significant injury or the unnecessary and wanton infliction of pain. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). Subjectively, the official must know of and disregard a serious risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference may be shown where an official intentionally denies or delays medical care, or interferes with treatment once prescribed. *Estelle*, 429 U.S. at 104–05.

If an official fails to recognize a risk—that is, the official "*should* have been aware," but in fact was not—there is no Eighth Amendment violation. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021) (emphasis in original). Deliberate indifference is a higher standard than negligence or medical malpractice, and a difference of opinion between medical professionals or between a prisoner and medical staff generally does not suffice. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004); *Estelle*, 429 U.S. at 107. To prevail where the dispute involves a choice among alternative treatments, the plaintiff must show the chosen course was medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to the plaintiff's health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

An inadvertent failure to provide medical care or even gross negligence does not establish deliberate indifference. *Estelle*, 429 U.S. at 105; *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013). Misdiagnosis alone is also insufficient. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). A delay in treatment, without more, does not state a claim. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). A claim exists only where the official both recognizes and disregards a risk of substantial harm, and the plaintiff suffers harm as a result. *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Lemire*, 726 F.3d at 1074.

IV.   PARTIES' ARGUMENTS

Defendant argues the FAC fails to allege sufficient facts describing what she did or failed to do to support a deliberate indifference claim. She does not dispute the seriousness of Plaintiff's dental condition but contends the FAC shows she provided treatment at each visit and referred Plaintiff to an outside provider for extraction in July 2022. Defendant disputes Plaintiff's allegation that she recommended extraction at the first visit and asserts that when extraction was recommended, Plaintiff refused. In support, Defendant attaches a letter and medical records, including what appear to be handwritten treatment notes.

Plaintiff argues the Court should not consider the extrinsic evidence submitted with the motion. He asserts that he has adequately pleaded deliberate indifference by alleging that: (1) Defendant knowingly disregarded an excessive risk to his health by placing a filling on a tooth

4

with an exposed nerve after telling him it needed extraction; and (2) for months thereafter, she failed to respond adequately to his obvious need for extraction by providing only antibiotics. Plaintiff also questions the authenticity and probative value of the medical records, arguing they "prove nothing and looked forged or modified and do not prove that defendant responded to my serious needs." (Doc. 47 at 2).

V.    ANALYSIS

Accepting the allegations as true this stage, Plaintiff adequately pleads an Eighth Amendment deliberate indifference against Defendant.  Plaintiff alleges Defendant told him he needed a tooth extraction, could not perform it herself because the tooth was too close to the nerve, and nonetheless failed for months to ensure a timely referral while he suffered severe pain and an abscess.  He further alleges Defendant repeatedly provided only temporary measures (antibiotics and Motrin) while delaying meaningful treatment and that he could not sign necessary paperwork for months.  These allegations, taken together and liberally construed, plausibly allege that Defendant recognized a serious risk to Plaintiff's health and disregarded it.

Defendant's reliance on medical records attached to the motion to dismiss does not alter this conclusion.  As noted, courts generally may not consider extrinsic evidence submitted with a Rule 12(b)(6) motion, particularly where authenticity or completeness is disputed and where the documents are not subject to judicial notice. *Arpin*, 261 F.3d at 925 (citing *Branch*, 14 F.3d at 453); *Neylon*, 2016 WL 6834097, at *4 n.5 (citing* Gerritsen*, 112 F. Supp. 3d at 1021). Defendant has not shown the records are properly subject to judicial notice, and Plaintiff challenges both their authenticity and their persuasiveness.

Under these circumstances, the Court declines to convert the motion to dismiss into a motion for summary judgment. *See Grangetto ex rel. Weber v. Adams*, 2009 WL 1809852, at *7 (E.D. Cal. June 23, 2009), *report and recommendation adopted*, 2009 WL 2337347 (E.D. Cal. July 28, 2009) (declining conversion where plaintiff disputed defendants' factual contentions regarding documentary evidence).  The parties' competing factual narratives are more appropriately tested through discovery and, if warranted, summary judgment practice.

////

VI.    EARLY ADR

The Court refers all civil rights cases filed by pro se individuals to early Alternative Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively. *See also* Local Rule 270.  No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter early through settlement now would save the parties the time and expense of engaging in lengthy and costly discovery and preparing substantive dispositive motions.  The Court therefore will STAY this action for 90 DAYS to allow the parties an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement discussions, or agree to participate in an early settlement conference conducted by a magistrate judge.  If after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would not be productive, the party may opt out of the early settlement conference.

Accordingly, it is ORDERED:

1.  Defendant's Motion to Dismiss (Doc. 42) is DENIED.

2.  This action will remain STAYED until further order to allow the parties an opportunity to settle their dispute.  Defendant may, but is not required, to file a response to the operative complaint during the stay but the parties may not file other pleadings or motions during the stay period.  Further, the parties shall not engage in formal discovery until the Court issues a Scheduling and Discovery Order.

3.  Within 90 days from the date on this Order, or no later than August 20, 2026, the parties shall file a notice if they object to proceeding to an early settlement conference or if they believe that settlement is not currently achievable.

4.  If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

5.  If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

Dated:     May 22, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE